Date signed January 19, 2007



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at GREENBELT

| | | |
|---|---|---|
| In re: | * | |
|    **Arthur Lee Graves** | * | Case No. 06-10634-TJC |
|    **Remegia Patrimonio Graves** | * | |
| | * | |
|    **Debtors** | * | (Chapter 13) |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF DECISION IN SUPPORT OF ORDER CONFIRMING
CHAPTER 13 PLAN**

Before the Court is the confirmation of the chapter 13 plan filed by the debtors Arthur Lee Graves and Remegia Patrimonio Graves (the "Debtors"). The Debtors and Mr. Timothy Branigan, the Chapter 13 Trustee (the "Trustee"), agree that all conditions to confirmation are met with one exception. The Trustee contends that the Debtors are not entitled to a discharge pursuant to 11 U.S.C. § 1328(f)(2) because, in a prior chapter 13 case, the Debtors received a discharge in the two-year period preceding the filing of the instant case. The Debtors, joined by the United States Trustee, contend that Section

1328(f)(2) does not apply to this case. For the reasons stated herein, the Court rules that Section 1328(f)(2) does not apply to this case and the Debtors will be entitled to receive a discharge upon completion of the plan. The Court concludes, therefore, that the plan will be confirmed.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law.

## PROCEDURAL BACKGROUND

Earlier in this case, the Trustee filed the Trustee's Motion to Dismiss Chapter 13 Case. Docket No. 13. In the motion to dismiss, the Trustee contended that the case should be dismissed as a bad faith filing because the Debtors would not be entitled to receive a discharge pursuant to 11 U.S.C. § 1328(f)(2). In denying the motion, the Honorable Nancy Alquist, then presiding, ruled that even if Section 1328(f)(2) applied to this case, it should not be dismissed on the sole basis that the Debtors would not receive a discharge. Order Denying Chapter 13 Trustee's Motion to Dismiss Case. Docket No. 33. In the Order, Judge Alquist recognized that the case presented the so-called timing issue under Section 1328(f), as described further below, but determined that the issue was premature in that the confirmation of the chapter 13 plan was not before her. Order at pp. 2-3.

On January 16, 2007, this Court held a hearing on the confirmation of the Debtors' chapter 13 plan. As stated above, the parties agree that the only issue in dispute is whether Section 1328(f)(2) applies in this case. In the context of plan confirmation,

the Trustee contends that, in light of his position that the Debtors are not entitled to receive a discharge pursuant to Section 1328(f)(2), the plan is not proposed in good faith and the petition was not filed in good faith.  The Trustee contends, therefore, that confirmation should be denied pursuant to 11 U.S.C. §§ 1325(a)(3) and (a)(7).[1]  This contention, however, is based strictly on the application of Section 1328(f)(2) to this case.  The Debtors contend that Section 1328(f)(2) does not apply, and that in any event they have filed the petition and the plan in good faith.  The United States Trustee also contends that Section 1328(f)(2) does not apply to this case, but does not otherwise take a position on the confirmation of the plan.  Accordingly, the issue of whether Section 1328(f)(2) applies is now ripe for determination.[2]

## FINDINGS OF FACT

The Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on February 7, 2006.  The Debtors filed their chapter 13 plan on that day.  Docket No. 2.  The Debtor's original plan required them to make 50 monthly payments of $600.  Id. at 1.  Under the proposed plan, creditors who filed proofs of claim would be paid in full.  See Docket No. 15 at p. 12.  While the Trustee's motion to dismiss described above was under advisement, the Debtors filed a motion seeking Court approval to refinance their residence.  Docket No. 27.  That motion was approved by order entered on October 3, 2006.  Docket No. 35.  The approval order requires that all net proceeds from the refinance must be transferred to the Trustee to the extent necessary to pay all claims.  Id.

---

[1] These sections provide that "(a) Except as provided in subsection (b), the court shall confirm a plan if ... (3) the plan has been proposed in good faith...[and] (7) the action of the debtor in filing the petition was in good faith..."  11 U.S.C. §§ 1325(a)(3);(7).

[2] Because the Court rules that Section 1328(f)(2) does not apply in this case, the Court does not address the issue of whether confirmation should be denied under Sections 1325(a)(3) or (7) strictly because a debtor would not be entitled to a discharge.

3

In this case, the net proceeds from the refinance are sufficient to pay in full all creditors who have filed proofs of claims. Accordingly, upon confirmation of the Debtors' chapter 13 plan, the Trustee will distribute the refinance proceeds to all creditors, who will be paid in full. Upon the payment to creditors, the plan will be complete. [3]

The Debtors had filed a prior chapter 13 case on January 4, 1999, initiating Case No. 99-10008. The Debtors' chapter 13 plan in that case was confirmed on March 30, 1999. Docket No. 7 in Case No. 99-10008. The Debtors made all of their plan payments, completed the plan and received a discharge on June 16, 2004. Docket Nos. 31 and 33 in Case No. 99-10008.

## CONCLUSIONS OF LAW

Section 1328(f) was added to the Bankruptcy Code by the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), P.L. 109-8, 119 Stat. 23. It provides as follows:

> (f) Not withstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
>   (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>   (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

The dispute essentially centers on what language is modified by the phrase "during the 2-year period preceding the date of such order" in subsection (f)(2). The Debtors contend that the phrase modifies "in a case filed under chapter 13 of this title." In the Debtors' view, a chapter 13 debtor who received a discharge in a prior chapter 13

---

[3] The Debtors and the Trustee are in agreement that the pending proposed plan must be amended to reflect the refinance and pay-off.

4

case would be denied a discharge if the prior chapter 13 <u>case was filed</u> in the 2-year period preceding the date of the filing of the subsequent case. As the parties refer to this issue, the Debtors and the United States Trustee request that the Court adopt the "filing date to filing date" interpretation of Section 1328(f)(2).

The Trustee contends that the phrase "during the 2-year period preceding the date of such order" modifies "if the debtor has received a discharge." In the Trustee's view, a chapter 13 debtor who received a discharge in a prior chapter 13 case would be denied a discharge if the <u>discharge was granted</u> in the 2-year period preceding the date of the filing of the subsequent case, without regard to the date of the filing of the prior case. As the parties refer to this issue, the Trustee requests that the Court adopt the "discharge date to filing date" interpretation of Section 1328(f)(2).

Generally, "unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language." <u>Hillman v. IRS</u>, 263 F.3d 338, 342 (4th Cir. 2001) <u>citing</u> <u>Caminetti v. United States</u>, 242 U.S. 470, 485 (1917) ("The rules which are to aid doubtful meanings need no discussion" when the statutory language is clear and unambiguous.). In limited circumstances, it is appropriate to ignore the plain language of a statute. <u>Hillman</u>, 263 F.3d <u>at</u> 342. To do so, at least one of two extremely narrow exceptions to the plain meaning rule must be present. "The first exception applies when literal application of the statutory language at issue produces an outcome that is demonstrably at odds with clearly expressed congressional intent to the contrary." <u>Id</u>. <u>citing</u> <u>Sigmon Coal Co. v. Apfel</u>, 226 F.3d 291, 304 (4th Cir. 2000). The second exception applies "when literal application of the statutory language at issue "results in an outcome that can truly be characterized as absurd, <u>i.e.</u>, that is so gross as to shock the

5

general moral or common sense ...." Id. quoting Apfel 226 F.3d at 304.  The "instances in which either of these exceptions to the Plain Meaning Rule apply are, and should be, exceptionally rare."  Hillman, 263 F.3d at 342 (internal citations and quotation marks omitted.).

Applying these standards to the language of Section 1328, the Court concludes that the application of the plain meaning rule results in the adoption of the "filing date to filing date" interpretation of Section 1328(f)(2).

The "filing date to filing date" approach implements Section 1328 the way it is written.  Section 1328(f)(2) prohibits a debtor from receiving a discharge "if the debtor has received a discharge ... in a case filed under chapter 13 ... during the 2-year period" preceding the date of the order for relief of the current case.  The "filing date to filing date" interpretation gives effect to the logical sequence of the language used.  Each subsequent clause modifies the immediately preceding clause.  All words are given effect.  No punctuation needs to be added or deleted.

On the other hand, the "discharge date to filing date" approach does not give effect to all words, does not follow the sequence of the language used, and appears to require additional punctuation.  First, it requires switching the two clauses in subsection (2).  In that event, the provision would have read (and must be read, in order to adopt the "discharge date to filing date" position) as follows: "... if the debtor has received a discharge- ... during the 2-year period preceding the date of such order, in a case filed under chapter 13 of this title."

Further, at the least, the Trustee's reading of the provision requires the inclusion of a comma after the word "title" that is not included in the text. The trustee reads the

6

provision as if it were written as follows: "...if the debtor has received a discharge- ... in a case filed under chapter 13 of this title[,] during the 2-year period preceding the date of such order." But no such comma was included in the text. "Although punctuation is not controlling, it can provide useful confirmation of conclusions drawn from the words of a statute." United States v. Ron Pair Enters., 489 U.S. 235, 251 (1989) (O'Connor, J. dissenting), citing United States v. Naftalin, 441 U.S. 768, 774 (1979).

Finally, the Trustee's interpretation appears to render the word "filed" superfluous in subsection (f)(2).[4] If the phrase "during the 2-year period preceding the date of such order" was intended to modify the phrase "if the debtor has received a discharge," Congress could have accomplished that intent simply by not including the word "filed' in the phrase "in a case filed under chapter 13 of this title." In that event, the provision would have read "... if the debtor has received a discharge - ... in a case under chapter 13 of this title during the 2-year period preceding the date of such order." As written, however, the provision plainly applies if the debtor has received a discharge in a case "filed" under chapter 13 during the two year period preceding the filing of the current case. "Courts should disfavor interpretations of statutes that render language superfluous." Witt v. United Cos. Lending Corp. (In re Witt), 113 F.3d 508, 512 (4th Cir. 1997), quoting Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992).

---

[4] At least two courts have considered whether the word "filed" in Sections 1328(f)(1) and (f)(2) is used to differentiate cases filed under one chapter of the Bankruptcy Code, but where the discharge was granted under a different chapter because the case was converted to the latter chapter. Both courts squarely rejected that notion. See McDow v. Sours (In re Sours), 350 B.R. 261 (Bankr. E.D. Va. 2006); McDow v. Capers (In re Capers), 347 B.R. 169 (Bankr. D. .S.C. 2006). In those cases, the debtors had filed previous cases under Chapter 13 that were subsequently converted to Chapter 7 and the debtors were discharged. The debtors then filed new cases under Chapter 13. The new cases were filed more then two years but less then four years from the date of the last discharged cases. The debtors contended that the two year prohibition on the granting of a discharge under 1328(f)(2) rather than the four year prohibition under 1328(f)(1) was applicable to their new cases as their previous cases were "filed" under Chapter 13 even though they received their discharges after conversion to Chapter 7. In rejecting the argument, both courts held that the effect of conversion under Section 348(a) is that the converted case is deemed to be filed under the chapter to which the case is converted.

7

The Trustee contends that the word "filed" is not superfluous per se, but is merely included as part of the description of the category of bankruptcy case to which the provision applies. Specifically, the Trustee contends that, pre-BAPCPA, the usual drafting convention in the Bankruptcy Code to describe a case pending under a particular chapter was the use of the phrase "in a case under...." The Trustee contends that the drafters of the Bankruptcy Code used the terms, as examples, "a case under chapter 7" or "a case under chapter 13" rather than the phrases "a chapter 7 case" or "a chapter 13 case." The Trustee contends that Congress deviated from this drafting convention in the changes implemented by BAPCPA. According to the Trustee, the drafters of BAPCPA used the phrase "in a case filed under ..." the way the previous drafters used the phrase "in a case under ...." According to the Trustee, therefore, the use of the phrase "in a case filed under" in Section 1328(f)(2) is merely an example of the new drafting convention and should be read the same as "in a case under." See Trustee's Supplemental Memorandum in Support of His Motion to Dismiss Chapter 13 Case at p. 3. Docket No. 21.

The Trustee cites Sections 342(f)(2) and 366(c)(2), both added to the Bankruptcy Code by BAPCPA, of this new usage. 11 U.S.C. § 342(f)(2) provides:

> (2) In any case filed under chapter 7 or 13, any notice required to be provided by a court with respect to which a notice is filed under paragraph (1), to such entity later than 30 days after the filing of such notice under paragraph (1) shall be provided to such address unless with respect to a particular case a different address is specified in a notice filed and served in accordance with subsection (e).

Similarly, 11 U.S.C. § 366(c)(2) states:

> (2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter,

> refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

The Court finds this argument to be unpersuasive.  First, these two provisions do not establish a pattern of deviation from the use of the phrase "in a case under ...." without the inclusion of "filed."  BAPCPA contains numerous instances where the phrase "in a case under chapter ..." is continued to be used to describe a bankruptcy case.  Notably, BAPCPA amended Section 342 - one of the sections to which the Trustee points for support -  by adding Sections 342(d), (e)(1), and (f)(1), all of which use the phrase "in a case under ..." without the inclusion of "filed." 11 U.S.C. §§ 342(d),(e),(f)(1).

Moreover, it appears that Congress had a reason for including the word "filed" in Sections 342(f)(2) and 366(c)(2).  Section 342(f)(1) allows an entity to file with any bankruptcy court a notice of address to which all notices in "all cases under chapters 7 or 13 <u>pending</u>" in specified courts must be sent.  11 U.S.C. § 342(f)(1) (emphasis added).  Section 342(f)(2) requires that the notice must be implemented within 30 days after filing the notice.  Notably, however, Section 342(f)(2) appears to use the phrase in "any case <u>filed</u> under chapter 7 or 13" --  as distinct from the phrase "in all cases under chapters 7 or 13 <u>pending,</u>" as used in Section 1328(f)(1) --  to make it clear that the notice provision must be implemented in any subsequently filed case, not just in those cases that are "pending" when the entity files the notice, as provided in Section 342(f)(1).  11 U.S.C. § 342(f)(1), (f)(2) (emphasis added).

With respect to Section 366(c)(2), that provision addresses actions that the debtor must take within thirty days of the "date of the filing of the petition." 11 U.S.C. §

9

366(c)(2). Accordingly, the use of the word "filed" is consistent with the language and purpose of the provision, and appears to be clarifying rather than superfluous.

In addition, at least two courts have embraced the "filing date to filing date" interpretation. In re West, 352 B.R. 482 (Bankr. E.D. Ark. 2006); In re Knighton, 2006 Bankr. LEXIS 3488 (Bankr. M.D. Ga. 2006). In West, the debtor filed a case under Chapter 13 in November, 2001, and was granted a discharge in March of 2005. Subsequently, in April, 2006, the debtor filed another case in which she proposed the confirmation of a plan and sought a discharge pursuant to Section 1328(a) upon completion of the plan. The chapter 13 trustee requested the Court to determine whether Section 1328(f) prohibited the debtor from obtaining a discharge. The Court found that the time periods in 1328(f) are calculated from the filing of the earlier case to the filing of the current case. The Court stated "[a]lthough Congress may have intended otherwise, the Court must enforce the statute as written and conclude that a debtor is not entitled to a chapter 13 discharge under § 1328(f)(2) if the debtor has received a discharge in a case filed under chapter 13 within two years of the current case's filing." West, 352 B.R. at 487.

In Knighton, the debtor filed a chapter 13 case on November 1, 2001, and converted that case to chapter 7 on March 18, 2003, and received a discharge on June 20, 2003. Subsequently, the debtor filed a chapter 13 petition on June 5, 2006, only three years from the date of her prior discharge. A creditor objected to confirmation on the grounds of bad faith and asserted that the debtor would not be entitled to a discharge in the later case. The creditor argued that the look-back period in Section 1328(f) should be calculated from the conversion date of March 18, 2003. In the alternative, the creditor

10

argued that the look-back period should begin to run from the date of discharge in the prior case. The Court rejected both of these contentions finding that the look-back period began to run from the date of the filing of the previous case. The Court stated, "a plain reading of § 1328(f)(1) indicates that the look-back period runs from the filing date of the prior case to the filing date of the current case." Knighton, 2006 Bankr. LEXIS 3488 at 10.

       Moreover, several courts have suggested that the filing date to filing date interpretation is the better view. Admittedly, these courts were not directly confronted with the issue. See e.g., In re Bateman, 341 B.R. 540, 542 (Bankr. D. Md. 2006) (while not deciding the issue, the Court remarked that the filing date to filing date interpretation appears far more persuasive); In re McGhee, 342 B.R. 256, 257 (Bankr. W.D. Ky. 2006) ("It is clear that a debtor who received a discharge in a chapter 7, 11, or 12 case filed within four years of the debtor *filing* a subsequent chapter 13 petition is ineligible for a discharge in his/her subsequent chapter 13 case. Similarly, a debtor who received a discharge in a chapter 13 case filed within two years of the debtor *filing* a subsequent chapter 13 petition may not receive a discharge in the second chapter 13 case."); In re Grydzuk, 353 B.R. 564, 567 (Bankr. N.D. Ind. 2006) ("The critical elements of § 1328(f)(1) are two: (1) the debtor must have 'received a discharge' in a prior case, and (2) that case must have been 'filed under chapter 7, 11 or 12 . . . during the 4-period preceding the date' of the filing of the Chapter 13 case in which discharge is to be considered."); McDow v. Sours (In re Sours), 350 B.R. 261, 269 (Bankr. E.D. Va. 2006) (stating that "…under § 1328(f)(1), in order to receive a discharge in their Pending Case, the Debtors would have needed to wait at least four years from the date of their previous

11

filing.  The Debtors did not wait four years to file their Pending Case.  Accordingly, the Debtors' discharge should be denied.").

Finally, the Trustee contends that, because a typical chapter 13 plan runs up to five years, the "filing date to filing date" interpretation results in the provision being a nullity.  According to the Trustee, a debtor rarely receives a discharge in a chapter 13 case within two years of the filing of the case.  The Trustee contends that "almost all cases completed from a debtor's wages run five years."  See generally, Trustee's Supplemental Memorandum in Support of His Motion to Dismiss Chapter 13 Case at pp. 3-4.  Docket No. 21.  The Trustee contends, therefore, that limiting the application of Section 1328(f)(2) to cases in which a debtor received a discharge in a chapter 13 case filed within two years of the current case "makes no sense." Id.

This Court disagrees.  Section 1325(b)(4) provides that the "applicable commitment period" for a plan shall be three years but not less that five years, depending on the level of the debtor's income.  11 U.S.C. §§ 1325(b)(4)(A)(i) and (ii).  A plan may be shorter than those periods if it provides for payment in full of all claims over the shorter period.  11 U.S.C. § 1325(b)(4)(B).  Thus, while it may be true that many plans state on their face that they are five-year plans, it is not the case that the Bankruptcy Code requires that result in all cases. And it certainly is not the case that the Bankruptcy Code does not allow a one or two-year plan if the circumstances of Section 1325(b)(4) are met.  Accordingly, Congress expressly made a distinction between plans running three years or longer, on the one hand, and plans running less than three years, on the other hand, in Section 1325(b).  There is nothing in the Bankruptcy Code to indicate that Congress also

12

did not distinguish between plans completed in two years or less, compared to plans completed in three years or more, in Section 1328(f)(2).

Moreover, many chapter 13 plans are variations of so-called refinance or sale plans. These plans either provide explicitly that the debtor will refinance or sell his or her residence and pay off the plan amounts by a certain date, or they are confirmed as standard plans which a debtor subsequently modifies by obtaining approval to refinance or sell a residence and pay the plan balance (or in some circumstances, all claims) without waiting to make the full-term monthly payments required under the confirmed plan.

Indeed, it is ironic that the Trustee made such an argument here, since the plan in this case ultimately became just such a refinance plan. As described above, see supra, Findings of Fact at p. 3, the Debtors' initial plan in this case was a 50-month plan. Subsequently, they sought and obtained approval to refinance their residence. They have completed the refinance, and the net proceeds are being delivered to the Trustee. Upon entry of the confirmation order of the amended plan[5], the Trustee will distribute the proceeds to the creditors, paying all creditors in full, and the plan will be completed well within a two-year period from the date of filing of the petition. Accordingly, this case itself serves as an example of a chapter 13 case in which the debtors will receive a discharge within two years of the filing of the case.

Finally, both parties refer the Court to the following statements in the legislative history:

> Sec 312. Extension of Period Between Bankruptcy Discharges.
> Section 312 of the Act amends section 1328 to prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received

---

[5] See supra at n. 3.

13

> a discharge in a prior chapter 7, 11, or 12 case within four years
> preceding the filing of the subsequent chapter 13 case.  In addition, it
> prohibits the issuance of a discharge in a subsequent chapter 13 case
> if the debtor received a discharge in a chapter 13 case filed during
> the two-year period preceding the date of the filing of the subsequent
> chapter 13 case.

H.R. Rep. No. 109-31, Pt 176 (109th Cong. 1st Sess. 2005).  These statements appear to support contrary interpretations for Sections 1328(f)(1) and (f)(2).  On its face, the second sentence supports the "filing date to filing date" interpretation for Section 1328(f)(2).  The Court recognizes, however, that the first sentence seems to support a "discharge date to filing date" interpretation for Section 1328(f)(1) and there appears to be no discernible reason to differentiate between the two subsections of Section 1328(f).

In any event, the Court has ruled that the plain meaning of Section 1328(f)(2) requires a "filing date to filing date" interpretation and the Trustee has failed to articulate a sustainable reason to warrant an exception.  Accordingly, resort to legislative history is not warranted or appropriate.  See Hillman, 263 F.3d at 342.

## CONCLUSION

For the foregoing reasons, the Court will enter an order confirming the Debtors' chapter 13 plan upon it being amended to reflect that the proceeds of the refinance will be used to pre-pay all plan amounts.  See supra at n.3.


cc:	Debtors
	Brett Weiss, Esq.
	Timothy P. Branigan, Esq., Chapter 13 Trustee
	John L. Daugherty, Esq., Office of the United States Trustee
	David Gold, Esq., Office of the United States Trustee


END OF MEMORANDUM