**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: JOSEPH E. BATEMAN, JR.;
NAVEED A. KHAN,

*Debtors.*

TIMOTHY P. BRANIGAN, Trustee,

*Trustee-Appellant,*

v.

JOSEPH E. BATEMAN, JR.,                    No. 07-1030

*Debtor-Appellee,*

and

NAVEED A. KHAN,

*Debtor.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(8:06-cv-02818-DKC)

In Re: ARTHUR LEE GRAVES;
REMEGIA PATRIMONIO GRAVES,
                        *Debtors.*

TIMOTHY P. BRANIGAN, Trustee,
                *Trustee-Appellant,*

                    v.

ARTHUR LEE GRAVES; REMEGIA
PATRIMONIO GRAVES,
                *Debtors-Appellees.*

No. 07-1307

Appeal from the United States Bankruptcy Court
for the District of Maryland, at Greenbelt.
Thomas J. Catliota, Bankruptcy Judge;
Nancy V. Alquist, Bankruptcy Judge.
(BK-06-10634)

Argued: December 6, 2007

Decided: February 4, 2008

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge,
and John Preston BAILEY, United States District Judge
for the Northern District of West Virginia, sitting by designation.

Affirmed by published opinion. Chief Judge Williams wrote the opinion, in which Judge Duncan and Judge Bailey joined.

## COUNSEL

Timothy P. Branigan, Laurel, Maryland, for Appellant. Brett Weiss, Olney, Maryland, for Appellees.

## OPINION

WILLIAMS, Chief Judge:

In this consolidated appeal, Timothy Branigan, standing Chapter 13 Trustee for the District of Maryland, Greenbelt Division ("Chapter 13 Trustee"), appeals (1) the district court's order affirming both the bankruptcy court's denial of his motion to dismiss the Chapter 13 petition of Joseph Bateman, Jr. and its confirmation of Bateman's Chapter 13 plan and (2) the bankruptcy court's orders denying his motion to dismiss the Chapter 13 petition of Arthur and Remegia Graves (collectively "the Graveses") and likewise confirming the Graveses' Chapter 13 plan.[1] The Chapter 13 Trustee contends that, because both Bateman and the Graveses are ineligible for discharges under 11 U.S.C.A. § 1328(f) (West Supp. 2006), they should not be allowed to file a Chapter 13 petition. We disagree, and for the reasons set forth below, we affirm.

## I.

### A.

This case requires us to determine the meaning of 11 U.S.C.A. § 1328(f), which provides:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—
>
> > (1)   in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> >
> > (2)   in a case filed under chapter 13 of this title

---

[1]All references to the "bankruptcy court" refer to the Bankruptcy Court for the District of Maryland.

during the 2-year period preceding the date of
such order.

### B.

Bateman previously filed for Chapter 7 bankruptcy on March 25,
2005 and received a discharge on June 29, 2005.[2] Later that year, on
December 12, Bateman filed the Chapter 13 bankruptcy petition at
issue in this appeal to stop a pending foreclosure on his home. If ulti-
mately put into effect, his confirmed Chapter 13 plan would fully pay
all allowed claims.

Bateman, however, would not receive a Chapter 13 discharge. The
United States Trustee filed a complaint seeking an order denying
Bateman a discharge pursuant to § 1328(f)(1) because Bateman had
initiated the Chapter 13 proceeding within four years of the date that
he had filed his previous Chapter 7 bankruptcy petition.[3] Bateman did
not respond to the United States Trustee's complaint, and the bank-
ruptcy court entered a default judgment denying Bateman a Chapter
13 discharge.

The Chapter 13 Trustee filed a motion to dismiss Bateman's Chap-
ter 13 petition based on his interpretation of § 1328(f), arguing that
Bateman could not file a Chapter 13 petition because he was currently
ineligible for a Chapter 13 discharge. The bankruptcy court denied the
motion. *In re Bateman*, 341 B.R. 540 (Bankr. D. Md. 2006). After the

---

[2]Chapter 7 is the chapter of the Bankruptcy Code that governs the
debtor's liquidation, a form of relief that involves the collection, liquida-
tion and distribution of the debtor's nonexempt property and culminates
in the debtor's discharge. 6 *Collier on Bankruptcy* P 700.01 (Alan N.
Resnick & Henry J. Sommer eds., 15th ed. rev. 2007). Chapter 13 of the
Bankruptcy Code is titled "Adjustment of Debts of an Individual With
Regular Income" and is essentially a reorganization that allows the
debtor to "deal comprehensively with both unsecured and secured debts."
8 *Collier on Bankruptcy* P. 1300.01.

[3]In this opinion, "United States Trustee" refers to the person responsi-
ble for appointing and supervising the standing Chapter 13 Trustee. Any
use of the term "Chapter 13 Trustee" refers only to the standing Chapter
13 Trustee, not the United States Trustee.

bankruptcy court confirmed the plan over the Chapter 13 Trustee's objection, the Chapter 13 Trustee appealed to the United States District Court for the District of Maryland, and the district court affirmed. *In re Khan*, No. DKC 2006-2818, 2006 U.S. Dist. LEXIS 90421 (D. Md. Dec. 14, 2006). The Chapter 13 Trustee appeals this decision.

## C.

Like Bateman, the Graveses filed a joint Chapter 13 bankruptcy on February 7, 2006 to stop a pending foreclosure on their home, and like Bateman's, their confirmed Chapter 13 plan will pay all allowed claims in full. The Graveses had previously filed a Chapter 13 bankruptcy petition on January 4, 1999, and received a Chapter 13 discharge on June 16, 2004, after completing five years of Chapter 13 plan payments.

As in Bateman's case, the Chapter 13 Trustee filed a motion to dismiss the Graveses' second Chapter 13 petition, arguing that the Graveses were ineligible to file the petition because they were ineligible to receive a Chapter 13 discharge. The Chapter 13 Trustee contended that § 1328(f)(2) prohibits a discharge in a Chapter 13 case filed within two years of the date of discharge in the prior bankruptcy and that because the Graveses had received a discharge in a prior case in the 2-year period preceding the date of the filing in the present case, they were ineligible for a Chapter 13 discharge under § 1328(f)(2). The United States Trustee filed a motion in opposition to the Chapter 13 Trustee's motion, arguing that the Graveses were indeed eligible for a discharge under § 1328(f) because the period during which a discharge is prohibited runs from the date of filing in the prior bankruptcy case to the date of filing in the present Chapter 13 case.

The bankruptcy court denied the Chapter 13 Trustee's motion in part, finding that the Graveses were eligible to file a Chapter 13 petition even if they could not receive a discharge, but also concluding that the question of their eligibility for a discharge was premature pending confirmation of the plan. *In re Graves*, No. 06-10634-TJC, 2006 Bankr. LEXIS 4238 (Bankr. D. Md. Sept. 29, 2006) ("*Graves I*"). Ultimately, the bankruptcy court adopted a "filing date to filing

date" interpretation of § 1328(f) and concluded that the Graveses were
eligible for a discharge as their Chapter 13 *filings* were over seven
years apart. The bankruptcy court thus confirmed the Graveses' Chap-
ter 13 plan over the Chapter 13 Trustee's objection. *In re Graves*, No.
06-10634-TJC, 2007 Bankr. LEXIS 1274 (Bankr. D. Md. Jan. 19,
2007) ("*Graves II*").

The Chapter 13 Trustee sought a direct appeal of the bankruptcy
court's order to this Court, which we granted, and the Graveses' case
was consolidated with Bateman's.[4] We possess jurisdiction over the
Chapter 13 Trustee's appeal in Bateman's case under 28 U.S.C.A.
§ 158(d)(1) (West 2006) (conferring jurisdiction on courts of appeals
to review final decisions of district courts reviewing bankruptcy deci-
sions), and we possess jurisdiction over the Chapter 13 Trustee's
appeal in the Graveses' case pursuant to 28 U.S.C.A. § 158(d)(2)
(West 2006) (conferring jurisdiction on courts of appeals to hear
direct appeals from the bankruptcy court).

## II.

In this appeal, we must answer two questions of statutory interpre-
tation. To resolve the Graveses' entitlement to receive a discharge in
their second Chapter 13 petition, we must first decide whether the 2-
year and 4-year periods described in § 1328(f) run from the date of
*filing* of the previous bankruptcy petition or from the date of *dis-
charge* with respect to the previous petition. In addition, to resolve
Bateman's right to file a Chapter 13 petition, we must decide whether
an individual may file a Chapter 13 petition if he is ineligible for a
discharge under § 1328(f). Because this appeal presents only ques-
tions of bankruptcy law, our review is *de novo*. *In re White*, 487 F.3d
199, 204 (4th Cir. 2007).

Resolution of the first issue is a matter of grammar, for we must
decide whether the phrase "during the 2-year period preceding the
date of such order" in § 1328(f)(2) modifies the phrase "received a

---

[4]Another case involving debtor Naveed A. Khan, was originally con-
solidated with these cases. Before oral argument, however, we granted
the Chapter 13 Trustee's unopposed motion to dismiss Khan as a party
to the appeal.

discharge" or the phrase "filed under chapter 13 of this title."**5** The Chapter 13 Trustee contends that the phrase modifies the phrase "received a discharge," so that the Graveses are not eligible for a discharge under § 1328(f)(2) because they received a *discharge* in a prior case in the 2-year period preceding the date of the filing in the present case. Under the Chapter 13 Trustee's interpretation, the filing date of the prior bankruptcy petition is immaterial. The Chapter 13 Trustee thus urges us to adopt a "discharge date to filing date" interpretation of subsection (f)(2).

In contrast, the Graveses argue that a "filing date to filing date" interpretation is correct because the phrase "during the 2-year period preceding the date of such order" modifies the immediately preceding phrase "filed under chapter 13 of this title." Under this interpretation, the Graveses could only be denied a discharge in the present case if their prior Chapter 13 case was *filed* in the 2-year period preceding the date of filing in the present case.

Because we conclude that the statutory language is plain, our analysis begins and ends with that language. *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." (internal quotation marks omitted)). Applying the plain meaning of the statutory language, we conclude that the "filing date to filing date" interpretation of § 1328(f) is correct. This interpretation "gives effect to the logical sequence of the language used. Each subsequent clause modifies the immediately preceding clause. All words are given effect. No punctuation needs to be added or deleted." *Graves II*, 2007 Bankr. LEXIS 1274, at *9.

Our conclusion is buttressed by the doctrine of the last antecedent, which teaches that "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately fol-

---

**5**Because Bateman does not contest his ineligibility for a discharge under 11 U.S.C.A. § 1328(f)(1) (West Supp. 2006), we will focus only on the language of § 1328(f)(2) in our analysis. In any event, the analysis for the 4-year period described in § 1328(f)(1) would be the same.

lows."[6] *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003); *see also* 73 Am. Jur. 2d *Statutes* § 138 (2001) ("Qualifying words, phrases, and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding."). Applying this doctrine, the phrase "during the 2-year period preceding the date of such order" in § 1328(f)(2) modifies the immediately preceding phrase "filed under . . . ." rather than the more distant phrase "received a discharge."

Moreover, any conclusion to the contrary would run counter to the general rule that "'courts should disfavor interpretations of statutes that render language superfluous.'" *In re Witt*, 113 F.3d 508, 512 (4th Cir. 1997) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992)). The Chapter 13 Trustee's interpretation would render the word "filed" superfluous, for Congress could have accomplished what the Chapter 13 Trustee believes the statute already accomplishes by omitting the word "filed" entirely and having subsection (f)(2) to read "in a case under Chapter 13 of this title . . . ." In contrast to the Chapter 13 Trustee, we believe that when Congress used the phrase "filed under," it meant "filed under" and not just "under."[7]

---

[6] In *Barnhart v. Thomas*, 540 U.S. 20 (2003), the Supreme Court provided an example to explain how the doctrine of the last antecedent works: If "parents who, before leaving their teenage son alone in the house for the weekend, warn him, 'You will be punished if you throw a party or engage in any other activity that damages the house[,]'" the limiting clause "that damages the house" modifies only the last antecedent "any other activity" and not "a party." *Id.* at 27-28. Thus, the teenager could be punished for throwing a party regardless of whether damage occurred to the house.

[7] Bankruptcy courts in this circuit have rejected the idea that the word "filed" in §§ 1328(f)(1) and (f)(2) is used to differentiate cases filed under one chapter of the Bankruptcy Code, but converted to a different chapter under which the discharge is ultimately granted. *In re Sours*, 350 B.R. 261, 269 (Bankr. E.D. Va. 2006); *In re Capers*, 347 B.R. 169, 171-72 (Bankr. D.S.C. 2006). Those courts have noted that the "plain meaning" rule requires that the language of § 1328 be read in conjunction with 11 U.S.C.A. § 348(a), which deems a converted case to be filed under the chapter to which the case is converted. *In re Sours*, 350 B.R. at 267-68; *In re Capers*, 347 B.R. at 171-72.

Reading the statute as the Chapter 13 Trustee would have us do also requires some grammatical finagling that is not needed with the "filing date to filing date" interpretation that we adopt. Under the Chapter 13 Trustee's view, the statute must be reorganized so that subsection (f)(2) would then read as follows: "if the debtor has received a discharge— . . . during the 2-year period preceding the date of such order, in a case filed under chapter 13 of this title." Even the Chapter 13 Trustee concedes that "'[t]he position of words in a sentence is the principle [sic] means of showing their relationship,'"[8] (Appellant's Supp. Br. at 12 (quoting William Strunk, Jr. & E.B. White, *The Elements of Style* 28 (Macmillan 3d ed. 1979) (elementary principle of composition 20)), a principle which is borne out by our application of the doctrine of the last antecedent in this case.

Undeterred by the grammatical obstacles to his interpretation, the Chapter 13 Trustee argues that because most Chapter 13 plans historically run for five years, a "filing date to filing date" interpretation essentially renders § 1328(f)(2) meaningless. The bankruptcy court persuasively responded to this argument:

> [W]hile it may be true that many plans state on their face that they are five-year plans, it is not the case that the Bank-

---

[8]The Chapter 13 Trustee notes that "[t]he proper place for the word or group of words that the writer desires to make most prominent is usually the end." (Appellant's Supp. Br. at 12 (quoting William Strunk, Jr. & E.B. White, *The Elements of Style* 32 (Macmillan 3d ed. 1979) (elementary principle of composition 22).) We fail to see how this principle aids our analysis. That the Chapter 13 Trustee considers the phrases "during the 2-year period . . ." and "during the 4-year period . . ." to be the most important is of little guidance in determining what antecedent these phrases modify.

The Chapter 13 Trustee's reading of § 1328(f) could also be achieved by the inclusion of commas after the word "discharge" and after the word "title" in subsection (f)(2)—commas that Congress did not include. Although punctuation is not controlling, it may provide useful confirmation of conclusions drawn from the words of the statute. *United States v. Naftalin*, 441 U.S. 768, 774 n.5 (1979). Here, Congress's choice not to include these commas further confirms that our "filing date to filing date" interpretation is best.

ruptcy Code requires that result in all cases. And it certainly
is not the case that the Bankruptcy Code does not allow a
one or two-year plan if the circumstances of Section
1325(b)(4) are met. Accordingly, Congress expressly made
a distinction between plans running three years or longer, on
the one hand, and plans running less than three years, on the
other hand, in Section 1325(b). There is nothing in the
Bankruptcy Code to indicate that Congress also did not dis-
tinguish between plans completed in two years or less, com-
pared to plans completed in three years or more, in Section
1328(f)(2).

*Graves II*, 2007 Bankr. LEXIS 1274, at *19-*20. Indeed, as the Chap-
ter 13 Trustee concedes, "many [Chapter 13] plans are predicated on
a refinancing or sale of estate property in less than three years."[9]
(Appellant's Supp. Br. at 6 n.13.)

   Likewise, although *Collier on Bankruptcy* has recognized that,
under a "filing date to filing date" interpretation, § 1328(f)(2) "should
rarely be applicable," it nevertheless believes such an interpretation
flows from the plain language of the statute:

   It might be suggested that Congress really intended that the
   four-year period run from the date of the discharge in the
   prior case, but such a reading of the subsection does vio-
   lence to its plain language, which links the time period to
   the filing of the prior case in each subparagraph. . . . [The
   reading urged by the Chapter 13 Trustee] would fly in the
   face of Congress' oft-expresses[sic] policy of encouraging
   chapter 13 rather than chapter 7, punishing only those who
   successfully completed chapter 13 plans and received a dis-
   charge.

8 *Collier on Bankruptcy* P 1328.06[2] (Alan N. Resnick & Henry J.
Sommer eds., 15th ed. rev. 2007) [hereinafter *Collier*].

---

   [9]It is also possible that a hardship discharge under 11 U.S.C.A.
§ 1328(b) (West 2004 & Supp. 2006) could be granted to a debtor within
two years of the Chapter 13 petition in a prior case.

Finally, courts have "repeatedly emphasized Congress's preference that individual debtors use Chapter 13 instead of Chapter 7." *In re McDonald*, 205 F.3d 606, 614 (3d Cir. 2000); *In re Bartee*, 212 F.3d 277, 284 (5th Cir. 2000). The "filing date to filing date" interpretation we adopt today is in keeping with this preference: a debtor who files a new Chapter 13 petition after receiving a discharge in a typical three-to-five-year Chapter 13 plan would never be prohibited under § 1328(f)(2) from receiving a discharge, but a debtor who obtained a Chapter 13 discharge in a case filed within the last two years would be prohibited from receiving a discharge, as would debtors filing under Chapter 7 within the last four years. *In re Ward*, 370 B.R. 812, 814-15 (Bankr. D. Neb. 2007).

As the Graves' case illustrates, however, the "discharge date to filing date" interpretation urged by the Chapter 13 Trustee would reach an absurd result that runs counter to Congress's often-expressed preference for Chapter 13 bankruptcy. The Graveses filed for Chapter 13 bankruptcy on January 4, 1999, and received a Chapter 13 discharge on June 16, 2004. Under the Chapter 13 Trustee's interpretation, the Graveses would not be able to receive a discharge in a new Chapter 13 bankruptcy, which would pay all creditor claims in full, until June 16, 2006. But because the Graves' previous Chapter 13 plan paid at least 70 percent of the allowed unsecured claims, was proposed in good faith, and represented their best efforts, the Graveses would be eligible for a Chapter 7 discharge on the very day they received their previous Chapter 13 discharge.[10] *See* 11 U.S.C.A. § 727(a)(9) (West 2004 & Supp. 2006) (providing for a six-year waiting period for a Chapter 7 discharge after a debtor has been granted discharge in a Chapter 13 case, *unless* payments under the plan totaled 100% of allowed claims or 70% of such claims and the plan was proposed by the debtor in good faith and with the debtor's best efforts). This would produce the strange result that the Graveses *would not* be able to receive a Chapter 13 discharge, which would pay

---

[10]Even if the Graves' previous plan did not meet the conditions of § 727(a)(9)(B), the Graveses would, at the very latest, be eligible to receive a Chapter 7 discharge on June 16, 2005—a full year before they would be eligible to receive a Chapter 13 discharge under the Chapter 13 Trustee's interpretation of § 1328(f). *See* 11 U.S.C.A. § 727(a)(9)(West 2004 & Supp. 2006).

the creditor claims in full, but *would* be permitted to file a Chapter 7 bankruptcy and thereby avoid payment of a larger portion of their outstanding debts. The Chapter 13 Trustee's interpretation thus would encourage debtors that had intended to pay back all of their debts to instead opt for a Chapter 7 discharge merely because a Chapter 13 discharge would not be available to them at the height of their financial difficulties.

In sum, the plain language of § 1328(f) supports a "filing date to filing date" interpretation, and this result is not absurd.[11] Accordingly, we hold that under § 1328(f), a debtor may not obtain a Chapter 13 discharge in a bankruptcy filed within two years of filing an earlier Chapter 13 petition that resulted in a discharge, or within four years of filing an earlier Chapter 7, 11, or 12 petition that resulted in a discharge.[12] Because the time between the Graveses' Chapter 13 filings was more than 2 years, § 1328(f)(2) does not prohibit the Graveses from receiving a *discharge*. We therefore affirm the bankruptcy court orders denying the Chapter 13 Trustee's motion to dismiss and confirming the Graveses' Chapter 13 Plan.

---

[11]The Seventh Circuit, the only circuit to address the issue, noted that the recent bankruptcy amendments "bar[red] a debtor from relief under Chapter 13 within four years of receiving a discharge under Chapters 7, 11, or 12, or within two years of receiving a discharge in a previous Chapter 13 proceeding." *In re Sidebottom*, 430 F.3d 893, 897 n.1 (7th Cir. 2005). Although the *Sidebottom* language supports the "discharge date to filing date" interpretation urged by the Chapter 13 Trustee, this language is mere dicta. Moreover, as the preceding quote suggests, the Seventh Circuit engaged in no analysis of the statutory language.

[12]We also find that "such order" in § 1328(f)(2) refers to the order for relief in the instant case (the filing of the Chapter 13 petition), not the order of discharge. This is the most natural grammatical reading of the statute, and to conclude otherwise—that "such order" refers to the order of discharge in the prior case—would create the absurd result that a debtor could never again receive a Chapter 13 discharge if he had received a prior Chapter 13 discharge within two years of the date of filing in the prior case.

III.

On the other hand, because the time between Bateman's previous Chapter 7 filing in which he received a discharge and his current Chapter 13 filing was less than 4 years, Bateman is not eligible for a *discharge* under § 1328(f)(1); indeed, Bateman does not contend otherwise. Instead, to resolve Bateman's case, we must decide whether a party (like Bateman) can file a Chapter 13 bankruptcy petition when a discharge is not available.

The Chapter 13 Trustee argues that § 1328(f) was added to the Bankruptcy Code to put an end to the proliferation of serial filings and prohibit debtors like Bateman from *filing* for Chapter 13 relief when they are ineligible to receive a discharge upon completion of their confirmed plan. Bateman counters that the unavailability of a discharge does not preclude a good faith Chapter 13 filing and we agree.

First, we do not believe that § 1328(f) is an eligibility provision. *In re Lewis*, 339 B.R. 814 (Bankr. S.D. Ga. 2006). Rather, whether an individual "may be a debtor under chapter 13" is established under 11 U.S.C.A. § 109(e) (West 2004 & Supp. 2006).[13] Section 1328(f) never mentions the word "filing," speaks only of "discharge," and does not purport to limit the eligibility provisions of § 109(e). We therefore hold that the plain language of § 1328(f) does not prohibit a debtor who is ineligible for a discharge from filing a Chapter 13 petition.[14]

---

[13]11 U.S.C.A. § 109(e) (West 2004 & Supp. 2006) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.

[14]The Chapter 13 Trustee also argues that the interpretation we adopt will undercut newly amended 11 U.S.C.A. § 1328(a) (West 2004 &

*See* 8 *Collier* P 1328.06[1] (noting that § 1328(f) "does not prevent
a debtor from filing a chapter 13 case after a chapter 7 case" or "after
a prior [Chapter 13] case in which a discharge was received"); Hon.
William Houston Brown, *Taking Exception to a Debtor's Discharge:
The 2005 Bankruptcy Amendments Make It Easier*, 79 Am. Bankr. L.
J. 419, 448-49 (2005) ("[T]his provision does not prevent the debtor
from filing for Chapter 13 relief and potentially obtaining the benefit
of the automatic stay, nor does it prevent that debtor from obtaining
confirmation of a plan in a second case, even though that debtor
might not be able to ultimately obtain a discharge in that case.").

The Chapter 13 Trustee relies heavily on the following statement
from the United States Supreme Court in *Johnson v. Home State
Bank*, 501 U.S. 78 (1991):

> Congress has expressly prohibited various forms of serial
> filings. *See, e. g.*, 11 U. S. C. § 109(g) (no filings within 180
> days of dismissal); *§ 727(a)(8) (no Chapter 7 filing within
> six years of a Chapter 7 or Chapter 11 filing); § 727(a)(9)
> (limitation on Chapter 7 filing within six years of Chapter
> 12 or Chapter 13 filing).* The absence of a like prohibition
> on serial filings of Chapter 7 and Chapter 13 petitions, com-
> bined with the evident care with which Congress fashioned
> these express prohibitions, convinces us that Congress did
> not intend categorically to foreclose the benefit of Chapter

---

Supp. 2006), which requires a debtor with a domestic support obligation
to certify that he or she is current on those obligations as a prerequisite
to a Chapter 13 discharge, and 11 U.S.C.A. § 1328(g)(1) (West Supp.
2006), which states that a debtor will not receive a discharge unless he
or she has completed an instructional course concerning personal finan-
cial management. We are unpersuaded by this argument. These provi-
sions of the Bankruptcy Code are not rendered toothless simply because
they do not apply to every potential case; debtors desiring a discharge
still must comply with these provisions. Further, as the district court
noted, "[w]hether debtors with certain kinds of debt, such as domestic
support orders, may seek to abuse the system is immaterial. The bank-
ruptcy court always has the authority to guard against bad faith filing."
*In re Khan*, No. DKC 2006-2818, 2006 U.S. Dist. LEXIS 90421, at *6
(D. Md. Dec. 14, 2006).

13 reorganization to a debtor who previously has filed for Chapter 7 relief.

*Id.* at 87 (emphasis added).

Essentially, the Chapter 13 Trustee argues that Congress, when it enacted § 1328(f), was aware of the language in *Johnson* construing §§ 727(a)(8) and 727(a)(9)—both of which contain language similar to § 1328(f)—as prohibitions on filing.[15] Thus, the Chapter 13 Trustee reasons that § 1328(f) can only be interpreted as a prohibition on filing.[16]

Although the Chapter 13 Trustee's argument is appealing, we need not look to other statutes to interpret § 1328(f), for its terms are plain. As noted above, if the statute is unambiguous on its face, we must enforce the statute's language as written without looking for other indications of Congressional intent. *Lamie*, 540 U.S. at 534. Furthermore, we note that the language in *Johnson*, which discusses provisions of Chapter 7 but not the Chapter 13 provisions that are the subject of this appeal, is dicta unaccompanied by any analysis from which we might gain insight into the Court's reasoning. We are mindful that dicta of the U.S. Supreme Court, although non-binding, should have "considerable persuasive value in the inferior courts," *Myers v. Loudoun County Pub. Schs.*, 418 F.3d 395, 406 (4th Cir. 2005) (internal quotation marks omitted), but we nonetheless adopt

---

[15] 11 U.S.C.A. § 727(a) reads as follows:

The court shall grant the debtor a discharge, unless—

. . .

(8)   the debtor has been granted a discharge under this section . . . in a case commenced within 8 years before the date of the filing of the petition;

(9)   the debtor has been granted a discharge under section 1228 or 1328 of this title . . . in a case commenced within six years before the date of the filing of the petition . . . .

[16] Notably, the Trustee only asks us to consider this dicta in our analysis of whether a debtor may file a petition if he is ineligible for a discharge. Presumably, this is because this dicta would support the "filing date to filing date" interpretation of § 1328(f) even though the language in § 1328(f) differs somewhat from that in §§ 727(a)(8) and 727(a)(9).

the position that we believe flows from the plain terms of § 1328(f)—
that the statute does not prevent a debtor from filing a Chapter 13
bankruptcy case even though he is ineligible for a discharge.[17] Indeed,
despite the language in *Johnson*, *Collier on Bankruptcy* instructs that
§ 727(a)(8), the Chapter 7 provision that is analogous to § 1328(f),
"does not preclude a debtor [who received a discharge in a prior case]
from again becoming a debtor within eight years of commencement
of the prior case, although no discharge may be granted in the second
proceeding." 6 *Collier* P 727.11[1][a]; *see also In re McKittrick*, 349
B.R. 569, 574 (Bankr. W.D. Wis. 2006) ("The amended version of
§ 727(a)(8) does not even act to deny access to the bankruptcy sys-
tem, as debtors remain free to file; they simply may not receive a dis-
charge.").

Our conclusion that the dicta from *Johnson* should not be afforded
talismanic effect is supported by the fact that bankruptcy courts post-
*Johnson* have concluded that "where a debtor is denied a discharge
pursuant to the provisions of 11 U.S.C.A. § 1328(f), such debtor may
still qualify for chapter 13 relief if the debtor's plan is otherwise con-
firmable." *In re West*, 352 B.R. 482, 483 n.1 (Bankr. E.D. Ark. 2006);
*In re Sanders*, 368 B.R. 634, 640 (Bankr. E.D. Mich. 2007); *In re
McGhee*, 342 B.R. 256, 258 (Bankr. W.D. Ky. 2006); *In re Lewis*,
339 B.R. at 817.

The Chapter 13 Trustee further contends that the Chapter 13 plans
here were not confirmable because the debtors filed their Chapter 13
petitions in bad faith knowing that a discharge was not possible. *See*
11 U.S.C.A. § 1325(a)(7) (West Supp. 2006) (stating that the court
shall confirm a plan if "the action of the debtor in filing the petition
was in good faith"). We have previously stated, however, that the
proper good faith inquiry is "whether or not under the circumstances
of the case there has been an abuse of the provisions, purpose, or
spirit of [the Chapter] in the proposal or plan." *Deans v. O'Donnell*,
692 F.2d 968, 972 (4th Cir. 1982) (internal quotation marks omitted).
The availability of a discharge is only one factor relevant in consider-

---

[17]Like the district court, we believe that §§ 727(a)(8), 727(a)(9) and
1328(f) do function as limitations on serial filing in practice, even though
they do not expressly prohibit the filing of any bankruptcy petition. *In re
Khan*, 2006 U.S. Dist. LEXIS 90421, at *8.

ing whether a plan was proposed in bad faith, and that factor standing alone is insufficient to support a finding of bad faith. *In re Lewis*, 339 B.R. at 817.

Indeed, a Chapter 13 debtor may not always be motivated by the availability of a discharge, so courts would be wrong to impute bad faith to a Chapter 13 petitioner simply because discharge was unavailable. Although the availability of a discharge is "undoubtably the main reason Chapter 7 cases are filed" and Chapter 7 debtors view the bankruptcy discharge as "the holy grail," *In re Williams*, 333 B.R. 68, 73 (Bankr. D. Md. 2005), a Chapter 13 debtor ineligible for a discharge may "file a Chapter 13 case and utilize the tools in chapter 13 to cure a mortgage, deal with other secured debts, or simply pay debts under a plan with the protection of the automatic stay." 8 *Collier* P 1328.06[2]. Thus, in many Chapter 13 cases, it is the ability to reorganize one's financial life and pay off debts, not the ability to receive a discharge, that is the debtor's "holy grail."

In Bateman's case, the plan will fully pay all allowed claims. We therefore hold, as did the lower courts, that Bateman's Chapter 13 filing was in good faith.[18]

---

[18]The fact that the bankruptcy court has the responsibility to determine the good faith of a debtor on a case-by-case basis is sufficient to overcome the Chapter 13 Trustee's concerns about recidivism where debtors use serial filings to unreasonably delay paying creditors. In fact, one bankruptcy court has noted:

> [T]he lack of available discharge does not establish an unreasonable delay if the plans are otherwise confirmable. As to secured creditors an orderly distribution of debtor's post-petition income to pay down pre-petition creditor obligations provides for adequate protection of creditor's pre-petition collateral interest and is far superior to a first come first paid race to the courthouse contemplated under non-bankruptcy law. Unsecured creditors have a better chance and more cost-efficient opportunity to be paid in a chapter 13 plan under court supervision than contemplated under available state debt-collection law. Merely because the chapter 13 debtor will not receive a discharge under an otherwise confirmable plan does not establish unreasonable delay that is prejudicial to creditors.

*In re Lewis*, 339 B.R. 814, 817 (Bankr. S.D. Ga. 2006).

To summarize, we hold that a debtor is not precluded from *filing* in good faith a new Chapter 13 bankruptcy case even though he may be ineligible for a *discharge* under § 1328(f). Thus, we affirm the district court order affirming the bankruptcy court's denial of the Chapter 13 Trustee's motion to dismiss and its confirmation of Bateman's Chapter 13 Plan.

IV.

For the foregoing reasons, the judgments of the district court and the bankruptcy court are hereby

*AFFIRMED*.